UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:02-cr-00093-LJM-MJD |
| ) | |
| PAUL A DAILEY (01), ) | |
| ) | |
| Defendant. ) | |

**REVISED REPORT AND RECOMMENDATION
ON PETITION ALLEGING VIOLATION OF SUPERVISED RELEASE**

On April 24, 2003, the Court sentenced Defendant Paul A. Dailey to 105 months in prison for money laundering and 60 months for conspiracy to commit mail fraud, to be served concurrently. Dailey served his sentence and was released on May 7, 2010, at which time he began three years of supervised release.

On May 1, 2013, Dailey's probation officer filed a petition alleging Dailey was in violation of the terms of his supervised release. The petition alleges Dailey was under investigation for fraud-related conduct, including a scheme to improperly obtain and use credit. The petition further alleged that Dailey used this credit to make various purchases totaling approximately $15,000, including a $3,000 wedding ring for his wife. The Court put the petition on hold while the investigation continued, and ultimately the Government charged Dailey with three counts of making false statements in loan and credit applications, in violation of 18 U.S.C. § 1014. Dailey pleaded guilty to all three counts, and on May 6, 2015, the Court sentenced Dailey to four months imprisonment on each count (to be served concurrently), followed by four

months of residential re-entry.  The Court also ordered Dailey to pay restitution of $8,238.48, which represents the full value of the items involved in the criminal charges.

With the conclusion of that criminal case, the Court set the petition for supervised release, which had been on hold, for a hearing.  On May 18, 2015, Dailey appeared for his hearing on the petition and admitted the violations.  The Sentencing Guidelines recommended a range of imprisonment of 12 to 18 months.  The Government made no recommendation as to the proper disposition.  Dailey urged the Court to impose the least restrictive sentence possible, noting essentially that Dailey admitted to the underlying violations and that the Court, in connection with that guilty plea, imposed only a four-month term of incarceration.

The Court agrees with Dailey that an additional term of incarceration is not warranted. The facts presented at the May 18 hearing revealed that Dailey has not had any other violations of his supervised release since the May 1, 2013, petition.  In addition, since his release from prison, Dailey has been employed.  He will be able to keep this employment despite the recent four-month sentence he received on the underlying charges and resulting four months of residential re-entry.  Dailey is married and lives in a home with his wife and her two children. Imposing an additional term of imprisonment would seemingly have little effect other than causing Dailey to lose his job and further disrupt his family.  Dailey has been ordered to make full restitution, and the best hope for that happening is for him to maintain his employment.

The guidelines' recommended range of 12 to 18 months is wholly inappropriate.  This range does not take into account the fact that Dailey already has been sentenced to four months

in prison plus four months of residential re-entry. Nor does it account for the fact that Dailey will be required to complete another three years of supervised release following his prison term. In addition, given that this petition essentially has been stayed shortly after it was filed on May 1, 2013, Dailey already has been on supervised release for five years. Thus, Dailey is facing at least eight total years on supervised release.

The Court further notes that the guideline range on the underlying offense was 10 to 16 months. Nevertheless, the Court departed downward and sentenced Dailey only to four months imprisonment. It strikes the undersigned as unusual that a defendant would receive additional incarceration for a supervised release violation when the Court saw it fitting to depart downward on the underlying offense that gave rise to the supervised release violation. Apparently the Government thinks such an outcome would be unusual as well, given that it recommended no outcome at the hearing and did not object to Defendant's argument in favor of leniency.

The undersigned is mindful of the factors set forth in 18 U.S.C. § 3553(a) in considering the proper sentence. Committing a crime while on supervised release is a serious matter, but Dailey's crimes were not crimes of violence nor did they involve drugs. Dailey used the money he improperly obtained to buy his wife a wedding ring, pay his bills, and make other purchases. Dailey admitted at the May 18 hearing to making bad choices and told the Court he has "grown." Dailey's conduct since his arrest, including his acceptance of responsibility and subsequent compliance with the terms of his supervised release, all suggest Dailey's purported growth is real.

Consistent with § 3553(a), the undersigned believes the punishment imposed on the underlying offenses provides just punishment, and that to do more under these circumstances would amount to piling on. In the view of the undersigned, additional punishment would not further deter criminal conduct nor provide any protection to the public from further crimes of the

Defendant.

For these reasons, the Magistrate Judge finds that the sentence imposed in the underlying case is sufficient, and recommends that no further action be taken for Defendant's supervised release violations.

Dated: 7/15/2015

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Edward F. Schrager
COHEN GARELICK & GLAZIER
eschrager@cgglawfirm.com

Cynthia J. Ridgeway
UNITED STATES ATTORNEY'S OFFICE
cynthia.ridgeway@usdoj.gov

Winfield D. Ong
UNITED STATES ATTORNEY'S OFFICE
winfield.ong@usdoj.gov

James H. Voyles VOYLES
ZAHN & PAUL
jvoyles@vzplaw.com

Donna R. Eide
UNITED STATES ATTORNEY'S OFFICE
10 West Market Street, Suite 2100
Indianapolis, IN 46204-3048